IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY ALAN EDE | : CIVIL ACTION |
| | : |
| vs. | : |
| | : |
| DEBRA K. SAUERS | : |
| SUPERINTENDENT, SCI-FORREST, | : |
| ET AL. | : NO.  10cv6824 |

O R D E R

AND NOW, this 25th day of July, 2011, upon careful and independent consideration of the petition for writ of habeas corpus, the documents submitted by the petitioner, the response of the respondents and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, and consideration of petitioner's objections to the Report and Recommendation,

IT IS HEREBY ORDERED that:

1. The petitioner's objections are **OVERRULED**.

2. The Report and Recommendation is **APPROVED** and **ADOPTED**.

3. The petition for writ of habeas corpus is **DISMISSED** and **DENIED**.[1]

_____

[1]Petitioner raises two issues.  He first contends that the Commonwealth filed an untimely petition for allocatur with the Pennsylvania Supreme Court, which refused to accept his motions challenging the timeliness of the Commonwealth's petition.

A review of the documents submitted by petitioner discloses that petitioner is factually incorrect.  Petitioner initially filed a motion raising the timeliness issue on November 17, 2008. On November 19, 2008, the Office of the Prothonotary of the Supreme Court advised petitioner that his motion would not be considered because the issue of the timeliness of the Commonwealth's petition should have been raised in his brief in response to that petition filed August 18, 2008 and the Pennsylvania Rules of Appellate Procedure did not provide for a separate motion to dismiss.  By letter dated January 8, 2009, the Prothonotary of the Supreme Court advised petitioner that he needed to file an application for permission to file his previously returned motion alleging untimely filing of the Commonwealth's petition for allocatur.  The petitioner did then file a petition with the Supreme Court for permission to file a motion raising the timeliness issue on January 23, 2009.  The Supreme Court denied this petition on March 26, 2009.  Thus, the Supreme Court did consider his petition for permission to file a motion raising the timeliness issue and rejected it.  On that same date, it also granted the Commonwealth's petition for allocatur, vacated the opinion of the Superior Court and remanded the case to reinstate the original sentence of the trial court, to which the petitioner objected.  This was a "*per curiam*" order the meaning of which is apparently misunderstood by the petitioner.  Such an order is by the court as a whole.  *See* Black's Law Dictionary.  It is not an order by the

4.  The petitioner having failed to make a substantial showing of the denial of a

Constitutional right, there is no ground to issue a certificate of appealability.

5.  The clerk shall close this case statistically.


                                        s/William H. Yohn Jr.
                                        William H. Yohn Jr., Judge




---

Prothonotary or any of the Prothonotary's clerks.  It is not necessary for one or more of the justices to actually sign the order.

Petitioner's second claim is that he was denied access to the Supreme Court by the Prothonotary and clerks of that court.  He alleges that the Prothonotary returned his motions unfiled in violation of the Pennsylvania Rules of Procedure.  Petitioner filed a letter on April 17, 2009.  By letter dated April 20, 2009, the Prothonotary of the Supreme Court advised petitioner that the reconsideration/reargument period had expired.  Petitioner then filed an application for extraordinary relief on May 1, 2009.  It was returned by the Prothonotary of the Supreme Court on May 5, 2009 because the decision of the Supreme Court resolving the case had been issued on March 26, 2009 and the time for reconsideration had expired so that the application was untimely.  Thus, he was not denied access to the Supreme Court, but was required to follow the rules of that court.

In addition to being without merit factually, petitioner's claims fail because they allege violations of state law.  A federal court has jurisdiction to entertain an application for habeas relief "only on the ground that [a petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal habeas court may not consider a prisoner's claim of state law violations, but must limit its review to issues of federal law.  It is not the province of a federal court to re-examine a state court's determination of state law.

To the extent that the petitioner is alleging a due process violation under the Constitution, he has not exhausted his claim and is now procedurally defaulted.  A state prisoner may obtain federal habeas review of his conviction only after exhausting the remedies available in state court.  28 U.S.C. § 2254(b)(1)(A).  The petitioner must establish that his claims were fairly presented to the state courts in the first instance.  Petitioner has never presented his claims of a due process violation by way of governmental interference with his right to appellate review in any state court.  It is thus unexhausted and now procedurally defaulted.